COLLOTON, Circuit Judge,
dissenting.
In my view, the court goes too far in exposing a state trooper to liability for a death caused by an undiagnosed heart condition of a drunk driver. I would reverse the district* court’s order denying the motion to dismiss filed by Trooper Zachary Owens.
The complaint against Owens alleges that he responded to the scene of a one-vehicle accident in Arkansas. The driver, Jeffry Alan Barton, registered a blood-alcohol content of 0.11 and was placed under arrest, presumably for driving while intoxicated. The allegations are that Owens observed Barton swaying and using his truck for support while almost falling to the ground on multiple occasions. Generously construed, the complaint also asserts that Owens observed that Barton at one point fell to the ground, and was non-responsive for a time. (Another officer checked Barton for a pulse, and Barton must have demonstrated a heartbeat.) Owens later worked with other officers to lift Barton and place him into a patrol car, and Owens drove Barton to a detention center for booking. Although there is no allegation that Owens remained in the booking area after he transported Barton to the detention center, or1 that he participated in the booking process, the court presumes that Owens also observed that Barton was unable to answer questions during booking, spoke with slurred speech, and once fell off a bench and onto the floor. Barton later died in a holding cell due to a heart condition.
Even assuming all of the facts recounted above, Owens is entitled to qualified immunity. As the Supreme Court has emphasized, “qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.” Mullenix v. Luna, — U.S. — 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (internal quotation marks omitted). The complaint must allege adequately that Owens violated a clearly established constitutional right of Barton. To determine that issue, the court must not “define clearly established law at a high level of generality.” Id. “The dispositive question is whether the viola-tive nature of particular conduct is clearly established.” Id. “This inquiry must be undertaken in light of the specific context of the case, not as a broad general propost tion,” Id.
It was clearly established in September 2011, at'least under the law of the Eighth Circuit, that a law enforcement officer must not act with deliberate indifference to the serious medical needs of an. arrestee. McRaven v. Sanders, 577 F.3d 974, 979-81 (8th Cir.2009). But this is a broad general proposition. The issue here is whether the facts alleged, in the specific- context of this case, show that only, a plainly incompetent state trooper, or a trooper who knowingly *969 violates the law, would have turned Barton over to the custody of the detention center without seeking medical attention. In other words, it must be clearly established that the complaint’s allegations are sufficient to show that Barton suffered from an objectively serious medical need, and that Owens exhibited deliberate indifference (i.e., criminal recklessness) to that need by failing to seek medical attention. The complaint and relevant precedents do not support a denial of qualified immunity.
The Constitution does not require an arresting law enforcement officer to seek medical attention for every arrestee who appears to be intoxicated. E.g., Burnette v. Taylor, 533 F.3d 1325, 1333 (11th Cir.2008); Grayson v. Peed, 195 F.3d 692, 696 (4th Cir.1999); Estate of Hocker v. Walsh, 22 F.3d 995, 999-1000 (10th Cir.1994); Meier v. Cty. of Presque Isle, 376 Fed: Appx. 524, 529 (6th Cir.2010). • Owens knew that Barton was a drunk driver, and a reasonable state trooper with no medical training could have believed that his slurred speech, difficulty walking, inability to answer questions, and even temporary non-responsiveness were the results of intoxication that did not require immediate medical attention. On the facts alleged, it would not have been obvious to a layperson that Barton’s symptoms exceeded those of acute intoxication. There is no allegation that Owens had any knowledge that Barton suffered from the heart condition that eventually caused his death. And there is no assertion that Owens knew how to distinguish symptoms of intoxication from those of an impending coronary.
The district court thought Thompson v. King, 730 F.3d 742, 748 (8th Cir.2013), clearly established that Owens’s conduct violated Barton’s constitutional rights, but this conclusion was error. Assuming that controlling circuit precedent' is a disposi-tive source of clearly established law, cf Carroll v. Carman, — U.S. ——, 135 S.Ct. 348, - 350, 190 L.Ed.2d 311 (2014) (per curiam)) Thompson was decided in 2013, two years after Barton’s death in 2011, so it could not provide clearly established law for this incident. See Parker v. Boyer, 93 F.3d 445, 447 (8th Cir.1996).
The court relies instead on McRaven v. Sanders, 577 F.3d 974 (8th Cir.2009), but the decision there on dissimilar facts did not put Owens on notice of a clearly established. constitutional right in this case; The officers in McRaven knew that an arrestee had consumed a “cocktail of potent = drugs” under circumstances that “strongly suggested” they were not taken in prescribed dosages, yet they failed to seek medical attention when the arrestee exhibited extreme symptoms of drug intoxication. Unlike Owens, who was unaware of Barton’s heart condition, the officers in McRaven had specific reason to believe that the offender suffered from a-serious medical need — a drug, overdose — that distinguished him from an arrestee who had consumed excessive amounts of alcohol. The court also cites Grayson v. Ross, 454 F.3d 802 (8th Cir.2006), but the officers in that case did not commit a constitutional violation,, so the decision did not clearly establish any constitutional right transgressed by Owens. Id. at 809-10.
More instructive is a decision that unfortunately was not cited by either party. In Martinez v-. Beggs, 563 F.3d 1082 (10th Cir.2009), officers arrested* a man named Ginn for public intoxication. The arresting officer reported that !Ginn -“was unable to stand.” A witness testified that officers “picked up” Ginn and “dragged” him to a patrol car. The officer transporting Ginn to the detention center thought Ginn had “passed out, like most of your drunks do” during a ride to the facility. At the detention center, Ginn could not walk in a straight line, and officers helped to support his weight. Ginn was placed in a cell. *970 Three hours later, he died from a heart attack due to coronary artery disease.
Ginn’s estate sued the arresting officers, alleging that they knew that Ginn had consumed a large quantity of alcohol, could not walk without help, may have been unconscious for a short time, and was talking as if he were hallucinating. The plaintiff also sued two custodial officers, asserting that they knew Ginn was drunk, was too incoherent to be booked into jail, and had difficulty walking.
The court affirmed a grant of summary judgment for the officers because there was insufficient evidence to show deliberate indifference to the detainee’s serious medical needs:
[T]he sufficiently serious objective harm that Ginn faced was heart attack and death, and not acute intoxication.... The officers subjectively knew that Ginn was intoxicated, but there is no evidence to show that anyone would have known that Ginn would face an imminent heart attack or death, much less that the individual county defendants subjectively knew that Ginn was at risk of heart attack or death.
Id. at 1090.
So too here. Owens knew that Barton was a drunk driver, and Barton exhibited symptoms that a reasonable trooper could associate with acute intoxication. Owens had no reason to know that Barton suffered from an undiagnosed heart condition that would cause his death. Barton may have had an objectively serious medical need for treatment of his heart, but it was not a need to which Owens was deliberately indifferent under clearly established law on the facts alleged. I would therefore reverse the district court’s order denying the motion to dismiss.